United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-50199
Summary Calendar
_____

FREDERICK C. FERMIN,

Plaintiff-Appellant,

versus

DIRECT MERCHANTS CREDIT CARD
BANK N.A.,

Defendant-

Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-138
---------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judge.

PER CURIAM:[*]

Frederick C. Fermin appeals the district court's grant of Direct Merchants' motion for

summary judgment. Fermin argues that the interest rate on the credit card issued to him by Direct

Merchants was usurious under Texas, federal, and Arizona law. As a national bank located in

Arizona, Direct Merchants may charge interest at the rate allowed by Arizona law. 12 U.S.C. § 85;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marquette Nat'l Bank of Minneapolis v. First of Omaha Serv. Corp., 439 U.S. 299, 308 (1978). Fermin does not dispute that the interest charged him was set by contract via the Cardholder's Agreement and its changes or that the credit limit exceeded $10,000. Because the interest rate charged was established by contract, it is the interest allowed by Arizona law and is not greater than that allowed by Arizona law. See ARIZ. REV. STAT. §§ 44-1201, 44-1205(C). Thus, the interest rate charged does not violate federal or Arizona law. Arizona Revised Statute §§ 44-1205(D) and 6-601 are inapplicable.

Fermin asserts that the Account Benefit Plan ("the Plan"), which would forgive the credit card account balance if he died, was insurance which Direct Merchants was not licensed to sell in Texas. Fermin asserts erroneously that the district court erred by not adjudicating his claim under the Gramm-Leach-Bliley Act ("GLBA"). Although he asserts that the Plan was insurance under 15 U.S.C. § 6712(c) of the GLBA, he does not argue that Texas has regulated as insurance contracts such as the Plan since January 1, 1999. Fermin's conclusional assertions do not show any error in the district court's determination that the Plan is not insurance under the GLBA.

Direct Merchants' motion to strike portions of Fermin's reply brief is DENIED as unnecessary. See Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 384 n.9 (5th Cir. 2001).

AFFIRMED.